TREVIS JOEL FREEMAN,

                          Petitioner,

              v.                                  CASE NO. 19-3081-SAC

WARDEN SAM CLINE[1],

                          Respondent.


                          **ORDER TO SHOW CAUSE**

      This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

      The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4, as district court must "promptly examine" a petition and must dismiss the action "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." However, before entering a summary dismissal, the district court must provide the petitioner "fair notice and an opportunity to present [his] position[]." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *see Allen v. Zavaras*, 568 F.3d 1197, 1203 (10th Cir. 2009)(district court properly allowed petitioner opportunity to respond before entering summary dismissal on exhaustion grounds).

      For the reasons set forth below, the Court will direct petitioner

---

[1] The Court substitutes Warden Cline as the respondent. Under Rule (2)(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."

to show cause why this matter should not be dismissed to allow him
to exhaust his claims in the state courts.

## Background

The petition states that petitioner was sentenced in the District
Court of Montgomery County, Kansas, in April 2019 to a term of 90
months.

Petitioner seeks relief from his conviction, alleging his rights
to due process and a speedy trial were violated; that he was denied
"SD 123"; that the district attorney lied to the courts and arresting
officers lied at the preliminary hearing; and that his plea of no lo
contendere was induced by physical, sexual, and mental abuse.

## Analysis

This matter is governed by the Antiterrorism and Effective Death
Penalty Act (AEDPA). Under the AEDPA, a petitioner seeking relief from
a state court conviction ordinarily must exhaust available state court
remedies as to each of his federal claims before seeking relief in
federal habeas corpus. 28 U.S.C. § 2254(b)(1). This requirement "is
designed to give the state courts a full and fair opportunity to
resolve federal constitutional claims before those claims are
presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S.
838, 845 (1999). To meet the exhaustion requirement, "a federal habeas
petitioner must have first fairly presented the substance of his
federal claim to state courts." *Hawkins v. Mullin*, 291 F.3d 658, 668
(10th Cir. 2002).

It does not appear that petitioner has presented his claims to
the state courts either by a direct appeal or by a post-conviction
action filed under K.S.A. 60-1507. The petition reflects that
petitioner is "filing to appeal sentence" (Doc. 1, p. 12) but it is

unclear whether he presents the same claims he advances here.

Because petitioner has not yet exhausted his claims in the Kansas courts, the Court will direct him to show cause why this petition should not be dismissed without prejudice to allow him to do so.

**Order to Show Cause**

The Court directs petitioner to show cause in writing why this matter should not be dismissed without prejudice to allow him to present his claims for relief in the state courts. Petitioner is granted to and including June 7, 2019, to show cause. The failure to file a timely response may result in the dismissal of this matter without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED the clerk of the court shall substitute Warden Cline as the respondent in this action.

IT IS FURTHER ORDERED petitioner is granted to and including **June 7, 2019,** to show cause why the petition should not be dismissed without prejudice to allow him to exhaust his claims in the state courts.

**IT IS SO ORDERED.**

DATED:  This 8th day of May, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge